**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 17-3077-03-CR-S-SRB** |
| **EDWARD J. SMITH,** | |
| Defendant. | |

### MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

### SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably

assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten years or more is possible.  In this case, the defendant is charged with conspiracy to distribute 1,000 grams or more of heroin, a crime for which a term of not less than ten years and not more than life imprisonment is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in Count 1 of the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community.  *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above.  Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring.  *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).  As set forth above, defendant's statutory

sentencing range is currently a term of imprisonment not less than ten and not more than life imprisonment.

To further support the Government's contention that the defendant is a risk to the safety of the community and risk to flee, the Government offers that:

The defendant has prior convictions for burglary in the first degree and receiving stolen property. In this case, the investigation showed that the defendant is a distributor of a significant amount of heroin that he received from co-defendant Jovan Denson and others. The interception of wire and electronic communications on Denson's phone showed numerous contacts between the defendant and Denson, and specifically showed that Denson coordinated the sale of heroin to the defendant May 12, 2017.

On that same day, after Drug Enforcement Administration (DEA) agents and task force officers (TFOs) observed what they believed to be the exchange of heroin between the defendant and co-defendant Cierra Nash, Springfield, Missouri, Police Department Officer Adam Rowles conducted a traffic stop of the defendant and searched the defendant's vehicle. Officer Rowles found two baggies of suspected heroin in the defendant's right jacket pocket and another bag of suspected heroin behind the passenger seat with approximately 20 grams of heroin in it. That heroin was field tested by Drug Enforcement Administration Task Force Officer Nick Mittag and showed a positive indication for heroin.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney

By  /s/ Josephine M. Larison
Josephine M. Larison
Missouri Bar No. 63956
Special Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on July 12, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ Josephine M. Larison
Josephine M. Larison
Special Assistant United States Attorney